THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE HAUPT, Appellant.

**Crimes — attempted larceny — jury while acquitting defendant of burglary may convict him of attempted larceny — no double jeopardy.**

There is no inconsistency in a jury acquitting a defendant of burglary and finding that he attempted to commit larceny, nor does his trial for attempted larceny when acquitted of burglary subject him to double jeopardy. Under the proof in a given case, a jury has power to ignore incidents relating to a burglary or regard them as not proven. If nothing is taken it may then convict of attempted larceny. If there is actual theft, then of larceny.

*People* v. *Haupt*, 221 App. Div. 485, affirmed.

(Argued January 16, 1928; decided February 14, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 27, 1927, which reversed a judgment of the Rensselaer County Court rendered upon a verdict convicting the defendant of the crime of attempted grand larceny in the first degree and granted a new trial.

*Gerald W. O'Connor, Thomas O'Connor* and *George E. O'Connor* for appellant. The verdict of acquittal of the charge of burglary set forth in the first count of the indictment, as a matter of law entitled the defendant to a dismissal of the entire indictment and to his dis-

24

charge from custody notwithstanding the verdict of guilty of the charge of attempted grand larceny set forth in the second count of the indictment. (Code Crim. Pro. §§ 278, 279; *People* v. *May*, 179 App. Div. 290; *People* v. *Downs*, 56 Hun, 5; 125 N. Y. 558; *People* v. *Collins*, 234 N. Y. 355; *People* v. *Graham*, 176 App. Div. 38; *Munson* v. *McClaughney*, 198 Fed. Rep. 72; *Morgan* v. *Devine*, 237 U. S. 632; *People* v. *Atwater*, 191 App. Div. 345; *State* v. *Spear*, 164 N. C. 452; *People* v. *Cox*, 67 App. Div. 344; *People* v. *Hale*, 1 N. Y. Cr. Rep. 533; *People* v. *Headrick*, 179 Mo. 300; *Dedieu* v. *People*, 22 N. Y. 178; *People* v. *Schleiman*, 197 N. Y. 383; *People* v. *Grzesczak*, 77 Misc. Rep. 202.)

*Frederick C. Filley*, District Attorney (*Philip J. Cirillo* of counsel), for respondent. The court properly charged the jury they might find the defendant guilty on either count of the indictment. (*People* v. *Wilson*, 151 N. Y. 407; *People* v. *Hassan*, 196 App. Div. 89; *People* v. *Weiss*, 158 App. Div. 235; 210 N. Y. 546; *People* v. *Comas*, 11 N. Y. Cr. Rep. 194; *People* v. *Adams*, 72 App. Div. 166; 16 N. Y. Cr. Rep. 454; *People* v. *Miller*, 143 App. Div. 252; *People ex rel. Dawkes* v. *Frost*, 58 Misc. Rep. 618; *People* v. *Reiter*, 130 Misc. Rep. 105; 221 App. Div. 751.)

ANDREWS, J. Indicted on two counts for burglary in the third degree and for attempted grand larceny, both arising out of a transaction at the same time and place, the defendant was acquitted of the former charge and convicted of the latter. Upon his appeal from the judgment the Appellate Division reversed on the law and the facts and granted a new trial. Claiming that the verdict acquitting him of burglary entitled him to a dismissal of the entire indictment the defendant now appeals to this court from so much of the judgment as directs a new trial.

Locked in a garage was a motor car worth $2,500. A window of the building was broken open and a door

inside was forced. The car was not taken. In acquitting the defendant of burglary the jury may have found either that he did not break or enter the building or that he did so with no intent to commit a crime therein. There is no inconsistency in a finding, however, that he attempted to commit larceny. If, having entered the building with no evil design he then formed the intent to steal the car and acted in pursuance of that intent; if with a like intent he reconnoitered the garage to determine the means of forcing his way in, or tried the doors with the purpose of entering and stealing the car, he was at least guilty of an attempt at larceny. (*People* v. *Collins,* 234 N. Y. 355.) Nor does his trial for attempted larceny when acquitted of burglary subject him to double jeopardy. The same facts would not lead to a conviction for both alleged offenses.

Whether the evidence produced in this case was sufficient to justify the finding on which the conviction must rest we do not discuss. By its reversal on the facts the Appellate Division has apparently held it was not, although in its opinion it states that " the circumstantial evidence was sufficient to warrant the conviction of the defendant of both crimes." But as there is to be a new trial it may be well to record that we disagree with any holding to the effect that a jury acquitting a defendant of burglary may not on the same facts convict him of an attempt to commit larceny. Where the intent is to steal, burglary is but an attempted larceny with aggravated incidents. Illogical as it may seem under the proof in a given case, a jury has the power to ignore these incidents or regard them as not proven. If nothing is taken it may then convict of attempted larceny. If there is actual theft, then of larceny. To do so is not an error of law.

The order appealed from should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed.