**UNITED STATES of America,**
Appellee,

v.

**Barry ROBINSON and William Robinson,**
Defendants-Appellants.

No. 412, Docket 28268.

United States Court of Appeals
Second Circuit.
Argued June 25, 1963.
Decided Aug. 7, 1963.

Selig Lenefsky, New York City (Joseph I. Stone, New York City, of counsel), for appellants.

Michael F. Armstrong, Sheldon H. Elsen, Asst. U. S. Attys. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, of counsel), for appellee.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Barry Robinson and William Robinson, the defendants, appeal from judgments of conviction for violation of the narcotics laws (21 U.S.C.A. §§ 173, 174) after a trial to the court without a jury. Both defendants were found to be guilty on Count 1 (a sale on or about November 29, 1961); William Robinson guilty on Count 2 (a sale on or about December 1, 1961; and both defendants were acquitted on Count 4 (conspiracy)).

Upon appeal, appellants argue (1) that the evidence was not sufficient to establish guilt beyond a reasonable doubt; and (2) that there was no proof of actual, physical or constructive possession

to satisfy the presumption of knowledge of importation.

Appellants claim that hearsay testimony was admitted under the conspiracy count which would not have been admissible under the substantive counts. With the removal of the conspiracy count by acquittal they contend that no sufficient proof remained to justify conviction under the substantive counts. This initially plausible argument requires a careful analysis of the facts.

On November 28, 1961, an agent of the Bureau of Narcotics met the defendant Morris (this defendant pleaded guilty to Counts 1, 2 and 3 but stood trial and was acquitted of the charges in Count 4. He testified on his own behalf). Morris agreed to sell heroin to the Agent but said that he could not supply it until he made contact with the men for whom he worked, namely, the Robinsons, Barry and William. The next day Barry, Morris, Agent Robinson and another man discussed the purchase at a bar. Barry said he would get the heroin and send it back with Morris, and then he and Morris left the bar. Shortly thereafter, Morris reappeared and told the agent that Barry had sent him, and that the price would be $175. Upon complaint by the agent that the price was too high, Morris said that only Barry could lower it. Barry then again entered and told the Agent that he did not handle the heroin personally, that Morris worked for him and that all deals were handled through Morris. Later Morris returned and delivered heroin to the Agent.

On December 1, 1961, the Agent met William Robinson (not related to Barry). When the Agent complained of short weight in the previous sale, William said that he had put 18 spoons (of heroin) in the package and would be sure to give him the full 18 in the future. William asked the Agent if he wanted to purchase some more heroin. The Agent replied that he had already paid Morris to which statement William gave his "okay". William then said that he would tell Morris to give him the full 18 spoons this time. William and Morris departed and later Morris delivered the heroin. Each of the defendants testified in his own behalf, all denying participation in the narcotics business and Barry and William denying that they had ever met the Agent.

The record is clear that the trial judge did not consider the hearsay evidence received on the conspiracy count in convicting the defendants on the substantive counts. The judge specifically ruled: "I will strike the hearsay statements of Silas Morris on November 28th as against Barry Robinson and William Robinson on Count I." With this evidence stricken, the proof remained ample to support the convictions on the substantive counts. Barry by his own statements to the Agent definitely showed that he was in control of the heroin, its sale and delivery as charged in Count 1. William by his own admission had filled the package. It was William who promised to give the Agent 18 full spoons on the next sale (Count 2).

The requirements set forth in United States v. Hernandez, 290 F.2d 86 (2d Cir., 1961) were fully met by the Government as to both Barry and William under Count 1. As to Count 2, although the proof may have been less conclusive as to this sale, William received a concurrent sentence. See United States v. Mont, 306 F.2d 412 (2d Cir., 1962), cert. denied 371 U.S. 935, 83 S.Ct. 310, 9 L. Ed.2d 272 (1962). The fact that Barry and William did not actually handle the heroin is not determinative. The proof was clear that they had Morris perform this chore for them.

The government, with commendable candor, raises a question not raised by appellants, i. e., whether the convictions on the substantive counts are inconsistent with the acquittal on the conspiracy count. United States v. Maybury, 274 F.2d 899 (2d Cir., 1960). We find no inconsistency. The trial judge may have entertained a reasonable doubt whether the activities of the defendants were carried out pursuant to an unlawful agreement or scheme, which is the basic element of a conspiracy. See, e. g., United States v. Aviles, 274 F.2d 179, 189–190

(2d Cir.), cert. denied, Evola v. United States, 362 U.S. 974, 80 S.Ct. 1057, 4 L. Ed.2d 1009 (1960); United States v. Koch, 113 F.2d 982 (2d Cir, 1940); United States v. Peoni, 100 F.2d 401, 403 (2d Cir., 1938). Or he may have believed, perhaps erroneously, that two independent conspiracies, rather than the single one charged in the indictment, had been proved. Compare United States v. Agueci, 310 F.2d 817, 826 (2d Cir., 1962). A finding of the defendants' individual participation in the substantive offenses is not inconsistent with such conclusions. Cf. United States v. Zambardi, 276 F.2d 169 (2d Cir., 1960).

Judgments affirmed.