**UNITED STATES of America,
Appellee,**

v.

**Kenneth Leroy SELLS, Appellant.**

**No. 157, Docket 28384.**

United States Court of Appeals
Second Circuit.

Argued Nov. 7, 1963.

Decided Nov. 20, 1963.

Anthony F. Marra, New York City (Leon P. Polsky, New York City, of counsel), for appellant.

Joseph P. Hoey, U. S. Atty. for the Eastern Dist. of New York (Stephen Lowey, Asst. U. S. Atty., of counsel), for appellee.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

Defendants, Kenneth Leroy Sells and Toto Settimo, were named in three counts of an eighteen-count indictment charging various persons with frauds against the Federal Housing Administration (FHA) in violation of sections 1010 and 2 of Title 18 of the United States Code. Sells and Settimo were tried by the court without a jury. One count was dismissed at the conclusion of the Government's case; a verdict of not guilty was returned on the two remaining counts as to Settimo; and guilty as to Sells on one count (eight). Sells appeals. In substance, the charge against Sells was the knowing submission of a false statement in an FHA credit application form to a bank for the purpose of obtaining a loan, insured by FHA, for a home owner, James Caines. The falsity consisted of a statement that the proceeds of the loan ($3,500) were to be used for specified home improvements whereas in fact Sells knew that some of the proceeds were not to be so used.

Appellant's main argument on appeal is that Settimo's acquittal and Sells' conviction are factually inconsistent and that Settimo's acquittal stands as a bar to Sells' conviction. In support of this argument, appellant relies upon United States v. Maybury, 274 F.2d 899 (2 Cir. 1960). In Maybury there was a single defendant and a two-count indictment, (1) forging, and (2) uttering, a check known to have been forged. The trial judge had acquitted the defendant of the forgery but convicted on the uttering count. This court held (three separate opinions) that a conviction of uttering with knowledge of the forged signature was factually inconsistent with acquittal of forgery.

Here no such problem is presented. Although Sells and Settimo were both

salesmen and both participated in the Caines transaction, the proof against each was not identical. Caines testified that Sells, when Settimo was not present, told him that with respect to the money obtained, "You can eat it up and drink it up if you want to." The writing on the credit application and on two M & S Construction Corporation contracts was Sells'. Furthermore, according to FBI Agent Scuderi's testimony, Sells admitted that information on Caines' credit application regarding Caines' employment was false. Despite the questionable quality of Caines' testimony which often bordered on the incoherent, there was a sufficient difference in the proof adduced against Sells and Settimo to justify the difference in result.

Affirmed.