**UNITED STATES of America, Appellee,**

v.

**Charles WILSON, Appellant.**

**No. 331, Docket 28614.**

United States Court of Appeals Second Circuit.

Argued Feb. 16, 1965.

Decided March 2, 1965.

**44**

David C. Reynolds, New York City (Anthony F. Marra, New York City), for appellant.

Daniel Donnelly, New York City (Robert M. Morgenthau, U. S. Atty., for Southern District of New York, Neal J. Hurwitz, Asst. U. S. Atty., of counsel), for appellee.

Before WATERMAN, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

Charles Wilson, Maurice Gibbons and Delancey Sterling were charged, in a two-count indictment in the District Court for the Southern District of New York, with stealing a package, of a value exceeding $100 and in interstate commerce, from a platform of the Railway Express Agency at 33rd Street and 10th Avenue, New York City, in violation of 18 U.S.C. § 659, and with conspiring to violate that section. They pleaded not guilty, waived a jury, and were tried before the late Judge Dawson. A Railway Express agent testified as follows: The three men first reconnoitered the terminal; on one occasion Wilson and Gibbons went in but quickly emerged when a tractor passed close by. Next they entered the terminal, with Sterling remaining on the other side of 33rd Street. Gibbons stood inside the entrance while Wilson walked to the loading platform. As they exited, three mail trucks came down the street and Sterling "waved his hand." Wilson then put down, outside the doorway, the package whose theft was charged. Wilson and Gibbons walked up one side of 33rd Street and Sterling up the other, meeting at the corner of Tenth Avenue where they turned. After identifying and securing the package, the agent found the men on 34th Street and arrested them. On being interrogated, they first "denied any knowledge of being in the area or anything about the carton"; when appellant Wilson was later asked why he had left the terminal when a tractor came in, he said "he had gotten scared." An FBI agent testified that, in an interview, Wilson gave false information as to his residence and employment and denied being in the terminal or touching any carton. The judge dismissed the conspiracy count and also the substantive count against Gibbons and Sterling, but convicted Wilson on the substantive charge.

Wilson's first point is that the Government failed to meet the standard, now applied in this circuit, of adducing evidence sufficient that a trier of the facts could reasonably be convinced of his guilt beyond a reasonable doubt, see United States v. De Sisto, 329 F.2d 929, 932 (2 Cir.), cert. denied, 377 U.S. 979,

84 S.Ct. 1885, 12 L.Ed.2d 747 (1964), and cases there cited, and particularly that the evidence was insufficient to eliminate reasonable doubt as to his *animus furandi*. We disagree. Despite arguments as to the agent's limited opportunity for observation the judge could permissibly have credited his version of what occurred. Once that was done, the physical act of taking the carton from the platform was sufficiently colored by the suspicious behavior before and after, by the false denials, and by the lies as to residence and employment, to warrant inferring the required intent. United States v. Lefkowitz, 284 F.2d 310, 316 (2 Cir. 1960).

■ The second, and more serious, point is that Wilson's conviction on the substantive count is inconsistent with the acquittal of his co-defendants and his own consequent acquittal on the conspiracy count. This is argued to offend the principle, stated in United States v. Maybury, 274 F.2d 899 (2 Cir. 1960), that, in contrast to the rule as to verdicts, inconsistency in a judge's decision on counts in an indictment affords ground for reversal—a principle which United States v. Sells, 325 F.2d 161 (2 Cir. 1963) indicated would also apply to inconsistency as between defendants tried together. We do not find it easy to understand how the judge arrived at his varying conclusions, particularly in the light of the rather small degree of assistance required to render a participant an aider or abettor, United States v. Garguilo, 310 F.2d 249, 253 (2 Cir. 1962); the difference in the degree of proof as to the various defendants was not as great in this trial as in Sells. Still the result is not wholly irreconcilable with any rational theory, as was the case in Maybury, where the judgments could be explained only on the basis of compromise. As to all three defendants the evidence was close to the line of sufficiency. Wilson was the one who removed the package from the platform and carried it outside the terminal, while the activities of Gibbons and Sterling, absent proof of prior agreement, were a shade more ambiguous. The acquittal of Gibbons may have rested on an erroneous view of the amount of proof needed to establish aiding and abetting; an inconsistency induced by such an error of law would not call for applying the Maybury rule. If in convicting Wilson, the judge had relied upon Sterling's alleged hand-waving to indicate intent through pre-arrangement, Sterling's own acquittal would indeed lie beyond rational explanation; but he did not explicitly do this and the independent evidence against Wilson was sufficient. Judge Dawson may thus have found reasonable doubt overcome as to Wilson on the substantive count but not as to the co-defendants and therefore not as to conspiracy on the part of any. While we adhere to the Maybury principle, it should not be expanded to include cases where it is merely difficult to find a truly satisfying explanation for the differing conclusions.

The Court is indebted to David C. Reynolds, Esq., assigned counsel, for an excellent brief and argument on Wilson's behalf.

Affirmed.