UNITED STATES of America, Appellee,

v.

Nicholas PALMIOTTO, Defendant-Appellant.

No. 469, Docket 29537.

United States Court of Appeals Second Circuit.

Argued May 4, 1965.

Decided June 11, 1965.

H. Elliot Wales, New York City (Abraham H. Brodsky, New York City, on the brief), for appellant.

Jack D. Samuels, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, John S. Martin, Jr., Asst. U. S. Atty., of counsel), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

PER CURIAM.

Defendant was found guilty and convicted in a nonjury trial before Judge Cannella on two counts of violation of the federal narcotics laws.[1] We affirm.

■ A government agent testified he saw defendant receive a brown paper bag from someone inside a double-parked green Chevrolet near one intersection, carry the bag two blocks west to another intersection, drop it to the ground, and wait about one and one-half minutes several feet from the package, meanwhile looking nervously around. The agent also saw one Caserta, defendant's accomplice, pick up the bag. A New York City detective testified that, from her vantage point one block west, she saw defendant throw the bag on the ground where Caserta picked it up to bring to her. The bag contained narcotics. Another agent partly corroborated the first agent's testimony. Therefore, we conclude that defendant's possession of the paper bag containing narcotics was purposive as a part of the delivery of narcotics to Caserta. See United States v. Davis, 328 F.2d 864, 866 (2d Cir. 1964); United States v. Gregory, 309 F.2d 536, 537–538 (2d Cir. 1962), cert. denied sub nom. Sumpter v. United States, 373 U.S. 953, 83 S.Ct. 1684, 10 L.Ed.2d 707 (1963); United States v. Barrington, 291 F.2d 481 (2d Cir. 1961); United States v. Santore, 290 F.2d 51, 64–65 (2d Cir. 1959), adhered to on rehearing in banc, 290 F.2d 74, 79 (1960), cert. denied as to other defendants, 365 U.S. 834–835, 81 S.Ct. 745, 5 L.Ed.2d 743 (1961).

■ It was not inconsistent for the trial judge to acquit defendant on the conspiracy count while convicting him on the substantive counts. United States v. Wilson, 342 F.2d 43, 45 (2d Cir. 1965); United States v. Dovico, 329 F.2d 52 (2d Cir. 1964); United States v. Robinson, 320 F.2d 880, 881–882 (2d Cir. 1963).

■ As to the third contention, that 26 U.S.C. § 4705(a) (1958) requires the government to prove that defendant had not received a written Treasury order from Caserta we would apply the rule that "it is not incumbent upon the government either to allege * * * or to

1. 21 U.S.C. §§ 173, 174 (1958); Int.Rev. Code of 1954, §§ 4705(a), 7237(b).

prove * * * that a purchaser of opium [or other narcotic drug] did so without a written order on the form prescribed." Chin Gum v. United States, 149 F.2d 575, 577 (1st Cir. 1945); accord, United States v. Sabella, 272 F.2d 206, 211 (2d Cir. 1959) (dictum).

Affirmed.