**UNITED STATES of America,**
**Appellee,**
v.
**James ARTERBRIDGE, Appellant.**
**No. 347, Docket 30973.**

United States Court of Appeals
Second Circuit.

Argued March 13, 1967.

Decided March 14, 1967.

* Of the Second Circuit, sitting by designation.

Roger J. Hawke, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, Pierre N. Leval, Asst. U. S. Atty., on the brief), for appellee.

Kevin T. Duffy, New York City, for appellant.

Before KAUFMAN, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

After a trial without jury, Judge Mc-Gohey found appellant guilty of trafficking in narcotic drugs in violation of 21 U.S.C. §§ 173 and 174, and sentenced him to five years' imprisonment. In open court we have affirmed the conviction.

It is undisputed that on the evening of July 11, 1963, appellant delivered a package containing heroin to an agent of the Federal Bureau of Narcotics. Appellant testified at his trial, however, that an acquaintance, Abe Montgomery (who unknown to appellant was a government informer), had told him that he had a buyer for narcotics but did not have any drugs to deliver. According to Arterbridge, Montgomery then offered him

$5.00 to deliver a package to the buyer. Appellant testified that Montgomery stated that the package contained only milk sugar. Montgomery, on the other hand, denied having made any arrangement whatsoever with the appellant.

Appellant's sole contention on appeal is that there was insufficient evidence to sustain his conviction because there was no proof that he knew that the package contained narcotics.* However, 21 U.S. C. § 174 provides:

Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.

From the evidence presented, Judge McGohey could properly have concluded that appellant had not satisfactorily explained his possession of the narcotics. Arterbridge's testimony as to the alleged arrangement with Montgomery was wholly contradicted by Montgomery. The trial judge observed both witnesses and therefore was able to assess their credibility. Conclusions as to the credibility of witnesses should not be disturbed on appeal. United States v. Brown, 335 F.2d 170, 172 (2d Cir. 1964). Moreover, statements made by appellant at the time he delivered the narcotics to Federal Agent Coursey indicate that he was aware of another transaction in narcotics that had occurred the previous evening. Appellant's statements and furtiveness, coupled with his delivery of the heroin and Montgomery's testimony, constituted sufficient evidence from which to infer that appellant had knowledge of the contents of the package. See United States v. Palmiotto, 347 F.2d 223 (2d Cir. 1965); United States v. Davis, 328 F.2d 864 (2d Cir. 1964).

Affirmed.

---

* 21 U.S.C. § 174 provides in part:
   Whoever *fraudulently or knowingly* * * * facilitates the * * * sale of any such narcotic drug [as described in

21 U.S.C. § 173] * * * shall be imprisoned for not less than five years or more than twenty years * * *. (Emphasis added.)