**Humphrey BARNES, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4769.**

District of Columbia Court of Appeals.

Argued April 8, 1969.

Decided June 16, 1969.

John Louis Smith, Jr., Washington, D. C., for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Sandor Frankel, Asst. U.S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

HOOD, Chief Judge:

Appellant was charged with attempted burglary in the second degree[1] and petit larceny.[2] At trial the Government introduced evidence to show that appellant and three companions were seen by an off-duty police officer as they were leaving the officer's apartment building carrying a camera case and a pillowcase containing a piggy bank and a camera which had been stolen from an apartment in the building. The officer, acting on information from his wife, ordered the four to halt and informed them that they were under arrest. The suspects abandoned the stolen property and fled. The officer was only able to apprehend appellant.

The court below sitting without a jury convicted appellant of petit larceny and acquitted him on the charge of attempted burglary. It is appellant's argument that the two verdicts are inconsistent since identical evidence was introduced to prove both offenses charged, and that a resolution of the factual dispute in favor of appellant in acquitting him of attempted burglary would also require acquittal of petit larceny.

■ Appellant concedes that a jury verdict on several counts of a criminal indictment or information need not be consistent, and that a conviction will be upheld if there is sufficient evidence to support it even though the conviction cannot be reconciled with the acquittal on the other charge. Dunn v. United States, 284 U.S. 390, 52 S. Ct. 189, 76 L.Ed. 356 (1932); Silverman v. United States, 107 U.S.App.D.C. 144, 275 F.2d 173 (1960), rev'd on other grounds, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961); Gillars v. United States, 87 U.S. App.D.C. 16, 182 F.2d 962 (1950). It is appellant's argument that the rationale behind upholding inconsistent jury verdicts is inapplicable where the trial courts sits without a jury.[3] However, we find it unnecessary to reach this question because the verdicts of the lower court are not necessarily irreconcilable.[4]

■ The record reflects that the arresting officer saw appellant carrying some of the stolen goods which he later abandoned when he attempted to flee. Under these circumstances the trial court could have found appellant guilty of both charges predicated on an inference of guilt raised by appellant's unexplained possession of recently stolen property. Creighton v. United States, D.C.Cir., 406 F.2d 651, 652 (1968). However, even with this permissible inference, the trier of fact could have had a reasonable doubt that appellant had the necessary criminal intent upon entering the apartment to be convicted of attempted burglary.[5] Therefore, a finding that appellant entered the apartment without a criminal intent would not be inconsistent with a finding of a subsequently formed intent and an actual taking of the stolen articles.[6]

■ We find sufficient evidence to support the conviction of petit larceny, and the judgment is therefore

Affirmed.

1. D.C.Code 1967, §§ 22–103, and 22–1801 (b) (1969 Supp.).

2. D.C.Code 1967, § 22–2202.

3. See United States v. Maybury, 274 F.2d 899 (2nd Cir. 1960).

4. The Maybury principle, it has been held, "should not be expanded to include cases where it is merely difficult to find a truly satisfying explanation for the differing conclusions." United States v. Wilson, 342 F.2d 43, 45, 18 A.L.R.3d 254 (2nd Cir. 1965).

5. There was no evidence that the apartment had been forcibly entered.

6. Jones v. People, Colo., 445 P.2d 889 (1968); Commonwealth v. Watt, 187 Pa. Super. 51, 143 A.2d 423 (1958); Evans v. State, 224 Ind. 428, 68 N.E.2d 546 (1946); People v. Haupt, 247 N.Y. 369, 160 N.E. 643 (1928).