**Andrew B. BRANCH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5083.**

District of Columbia Court of Appeals.

Argued Dec. 16, 1969.

Decided March 24, 1970.

Charles D. Hickey, Washington, D. C., appointed by this court, with whom Foy R. Devine, Washington, D. C., was on the brief, for appellant.

Warren R. King, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

Appellant was charged in a two-count information with assault and carrying a pistol without a license, and convicted after a jury trial of the assault charge only. The charges arose out of an incident at the Twilight Zone Restaurant on the evening of March 27, 1968. The main Government witness testified, in substance, that appellant entered the restaurant in a loud and boisterous manner; that he refused to leave when asked by the doorman; and that two apparent friends urged him to leave and, when he refused, forced him out. A few minutes later appellant returned with a revolver in his hand, pointed it at the two doormen, and fired some shots in their direction. The witness, a private detective employed on the premises, returned the fire when he thought he saw flashes coming in his direction, and appellant fled.

Shortly thereafter, in response to a radio report about a cutting, a police officer went to an apartment at 801 L Street, N.W., appellant's address. There he found appellant lying on the floor with a towel wrap-

ped around one hand, blood on his clothing, and a cut over one eye. He was identified at that time by the private detective, who arrived in the company of a police officer investigating the shooting. Appellant was later treated at a hospital for gunshot wounds.

The defense case was built upon the testimony of appellant that the doormen tried to force him out of the restaurant for no apparent reason, and that when he was pushed out the door he grabbed the door frame with his hands and held on. Thereupon, he said, someone yelled that he had a gun and the private detective drew his gun and shot him once in each hand, and a third time creasing his head. According to appellant, he had no gun that evening.

The sole ground alleged by appellant for reversal is the patent inconsistency in the two verdicts rendered by the jury. Where the only assault alleged was one committed with a gun, appellant contends, the jury could not have found him guilty of such an assault because they determined, by their not guilty verdict on the charge of carrying a pistol without a license, that he had not carried a pistol that night. In support of this argument he utilizes the rule that the doctrine of res judicata applies in criminal as well as civil matters, citing Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948).

It is settled that where multi-count indictments are involved the jury need not render verdicts that are consistent. United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed. 48 (1943); Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932); Gillars v. United States, 87 U.S.App.D.C. 16, 21, 182 F.2d 962, 967 (1950). The jury in a criminal case must be free to exercise its historic power of lenity. As the court stated in United States v. Carbone, 378 F.2d 420, 422 (2d Cir. 1967):[1] "The very fact

that the jury *may have acquitted* of one or more counts in a multi-count indictment *because of a belief that the counts on which* [*he*] *was convicted will provide sufficient punishment* * * * forbids allowing the acquittal to upset or even to affect the simultaneous conviction." (Emphasis added.) And further: "[I]f the rule were otherwise, the Government would be entitled to have the jury warned that an acquittal on some counts might undermine a guilty verdict on others—almost the opposite of the standard instruction, which is obviously beneficial to criminal defendants * * *." *Id.*

The only test here is whether the evidence was sufficient to support the conviction under the assault charge, Gillars v. United States, *supra* at 21, 182 F.2d at 967, and we conclude it was.

Affirmed.

---

1. This decision specifically puts to rest appellant's position in reliance upon *Sealfon, supra.*