**Terry STEADMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9024.**

District of Columbia Court of Appeals.

Argued March 11, 1976.

Decided May 20, 1976.

---

Michael J. McCarthy, Washington, D. C., appointed by this court, for appellant.

Peter E. George, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and William J. Hardy, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

This appeal arises from a denial of appellant's post-trial motion for judgment of acquittal or a new trial. Appellant was in-

dicted for second-degree murder (D.C. Code 1973, § 22–2403) and carrying a pistol without a license (D.C.Code 1973, § 22–3204). A motion to suppress identification testimony was heard and denied. After a jury trial, appellant was found guilty of a lesser included offense, manslaughter (D.C. Code 1973, § 22–2405). Appellant contends (1) that the trial judge erred in excluding proffered testimony of three defense witnesses, and (2) that the inconsistent verdict should not be allowed to stand. We disagree and affirm the conviction.

A young man was shot and killed while attending a dance at the Martin Luther King Center in the District of Columbia. Three witnesses testified that they saw appellant shoot the victim. Four other witnesses testified that they had seen appellant and the victim fighting just before the incident but did not actually see who had fired the shot. Out of the jury's presence the court heard proffered testimony of three defense witnesses who had. allegedly heard an unknown person or persons make statements after the shooting to the effect that the declarant had just shot someone. The court excluded the testimony, ruling that none of the hearsay statements were admissible under an exception to the rule against hearsay.

The proffered evidence was as follows: A young woman testified that 10 or 15 minutes after the shooting, she heard an unknown person state, "I shot a boy." The speaker, whom she had never seen before and whom she described as being "short, real dark" with a "short bush", was standing outside the Center talking to some boys. A young man testified that as he passed a group of people leaving the Center he heard someone say that he had just shot "a dude." He described the speaker as a Negro male, 16 to 19 years old, 5'9" tall and weighing 150 pounds. He admitted that he saw the speaker from behind, that he was a "little high" from drinking, and

that he could not say whether it was appellant whom he had heard. The third witness, a young man, testified that about 10 or 15 minutes after the shooting "somebody stated, 'I shot that guy.'" The witness was inside the Center when he heard the statement but could not tell whether the speaker was inside or not.

■ Appellant contends that the proffered hearsay testimony should have been admitted under the declaration against interest or spontaneous utterance exceptions to the hearsay rule.[1] The primary rationale for excluding hearsay is the lack of an opportunity to cross-examine the out-of-court declarant whose statements are admitted for the truth of the matter contained in them. Also the inability of the jury to assess the witness' demeanor and credibility forms a basis for the rule. *Anderson v. United States*, 417 U.S. 211, 220, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

■ At common law, for a declaration against interest to be admissible in the federal courts, the affected interest has to be a pecuniary or proprietary one. A declaration against a penal interest was not recognized. *Donnelly v. United States*, 228 U.S. 243, 273, 33 S.Ct. 1024, 57 L.Ed. 1035 (1913). This jurisdiction does not recognize a penal interest exception. The United States Court of Appeals for the District of Columbia Circuit has rejected an attempt to recognize that exception in that federal court system. *United States v. Sheard*, 154 U.S.App.D.C. 9, 19, 473 F.2d 139, 149 (1972), *cert. denied*, 412 U.S. 943, 93 S.Ct. 2784, 37 L.Ed.2d 404 (1973). In *Chambers v. Mississippi, supra*, the United States Supreme Court specifically declined to overrule *Donnelly*.

■ It is noted that the new Federal Rules of Evidence do not exclude, per se,

---

l. It is noted that appellant did not raise at trial the argument that the statements were admissible as a declaration against interest.

**332**

declarations against penal interest. Rule 804(b)(3) would admit such statements only if "corroborating circumstances clearly indicate the trustworthiness of the statement." The statements appellant offered here would not be admissible even under the liberal standard of the new Federal Rules of Evidence because there exist no circumstances to indicate that they are trustworthy.

Alternatively, appellant contends that the proffered testimony came within the *res gestae* of the shooting and was admissible under the spontaneous declaration or excited utterance exception to the hearsay rule. We disagree. The standard for admissibility of such statements for this jurisdiction was delineated in *Murphy Auto Parts Co. v. Ball*, 101 U.S.App.D.C. 416, 249 F.2d 508 (1957), *cert. denied*, 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415 (1958). There must be "an exciting event" and "an utterance prompted by the exciting event without time to reflect". *Murphy Auto Parts Co. v. Ball, supra* at 419, 249 F.2d at 511. Whether the proffered testimony meets these requirements is left essentially with the trial court. *Id.* From our reading of the record, we see no reason not to defer to the judgment of the trial court in excluding the testimony for not meeting the requirements under this exception to the rule against hearsay. Indeed, we note that the three proffered witnesses may not have been referring to a single declarant— a point cutting against trustworthiness *vel non*.

At oral argument appellant pressed home the point that the proffered testimony was his only defense. Presumably, this argument was made to convince the court that rules of evidence should be relaxed when the party making the proffer is desperate for proof. There is wisely no rule for admissibility of otherwise inadmissible evidence just because the party, be it the prosecutor or the defendant, has no other evidence to offer.

Appellant also contends that the verdicts of guilty of manslaughter and not guilty of carrying a pistol without a license are fatally inconsistent and require reversal because it is impossible to shoot a person without a gun. This inconsistency does not warrant reversal. Inconsistent jury verdicts are permissible. *United States v. Dotterweich*, 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed.2d 48 (1943); *Dunn v. United States*, 284 U.S. 390, 393–94, 52 S.Ct. 189, 76 L.Ed.2d 356 (1932). The law correctly recognizes that it must make room for jurors' negotiation and compromise during deliberation. Therefore, a jury verdict need not be logically consistent. The only question for review is whether the evidence was sufficient to support the conviction under the guilty verdict. *Branch v. United States*, D.C.App., 263 A.2d 258, 259 (1970). Appellant, understandably, does not raise that issue for, in view of the eyewitness testimony of three persons, there is sufficient evidence to support the conviction for manslaughter.

Accordingly, the judgment of the trial court is

*Affirmed.*