[Crim. No. 37158. Second Dist., Div. Four. Oct. 24, 1980.]

In re MIGUEL G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MIGUEL G., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Elmer J. Lincoln, Jr., and Cheryl Lutz, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Jane M. Began, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MUNOZ, J.*—Appellant, Miguel G., appeals from the order of the juvenile court which found him to be a ward of the court pursuant to Welfare and Institutions Code section 602. The order was based upon findings that he had possessed phencyclidine (PCP) (a violation of Health & Saf. Code, § 11377, subd. (a)) on October 31, 1979, and had possession of a concealed loaded firearm on December 22, 1979 (a violation of Pen. Code, §§ 12025, subd. (b), and 12031, subd. (a)).

Appellant does not contest any issues arising from the petition concerning the firearm. Thus a short statement of the facts will suffice: On December 22, 1979, appellant was arrested outside of a grocery store where he had been drinking beer. He was observed trying to dispose of a loaded automatic pistol which he had been carrying in his pocket.

The first petition and the one which is the subject of this appeal concerns the events that occurred on October 31, 1979, at about 9:45 a.m. At that time two Los Angeles police officers assigned to a police "school car" observed appellant walking in an alley west of Central Avenue on 42d Street in Los Angeles. The location was about 8 to 10 blocks from Jefferson High School. Other minors were in the police car and when one of them saw appellant he stated, "He goes to Jefferson High School also."

The officers stopped their vehicle, approached appellant and asked him why he was not in school. Appellant slowly answered that he was on his way to school, but he was late. When asked if he had a note, appellant indicated he did not. He also did not give any indication he was attempting to go to school. At that point the officers, who were empowered by the school district to act as truant officers, asked appellant to enter their car. Appellant complied and he was then taken to the Oper-

*Assigned by the Chairperson of the Judicial Council.

ation Stay in School Center[1] at 5139 South Main in Los Angeles. There the officers turned appellant over to one of the school counselors and then they left. The counselor attempted, but was unable, to communicate with appellant who seemed disoriented and would not sit down when told to do so. When given an envelope and told to place his belongings in it, appellant did not comply. Another student then instructed appellant in Spanish as to what he was to do. Appellant still did not comply. The counselor's attention was distracted from appellant for a moment; when he looked back, appellant was walking out the door. The counselor ran after appellant, but was unable to catch him.

The counselor then called the police and asked to have the "school car" search the area because he felt appellant was under the influence of something. Shortly thereafter, the counselor looked up and saw that appellant, still holding the envelope, had reappeared at the door. As the counselor moved towards appellant, he noticed that a police unit had arrived. Appellant was arrested for being under the influence of drugs and taken to the Newton Division police station. There it was determined that appellant would be booked. A search of appellant's pockets revealed four bindles of tin foil containing PCP.

On this appeal, the sole contention revolves around the validity of appellant's initial detention in the alley. Appellant argues the officers had no reason to temporarily detain him: since that detention was unlawful, all the fruits flowing from that detention should have been suppressed. In order to analyze this contention, it is necessary to examine the statutory scheme the Legislature has enacted in the area of compulsory schooling and truancy.

In chapter 2 of part 27 of the Education Code[2] which commences with section 48200, the Legislature has dealt with compulsory education. Section 48200 sets forth the basic policy that all children between the ages of 6 and 16 shall be required to attend school subject to various exemptions which are not applicable here. Article 5 of chapter 2 commencing with section 48260 deals with truants, the manner of determining truants and the ways in which the problem may be dealt with. Section 48264 provides that "...a peace officer...may arrest or

---

[1] The center, one of seven such centers in the City of Los Angeles, is run by the Los Angeles City Schools in conjunction with the Los Angeles Police Department. At those centers truants are turned over to service and attendance counselors of the school district.

[2] Unless otherwise indicated, all further references are to the Education Code.

assume temporary custody, during school hours, of any minor subject to compulsory full-time education or to compulsory continuation education found away from his home and who is absent from school without valid excuse. . . ." Section 48265 requires that a minor arrested pursuant to section 48264 shall *forthwith* be delivered to specific people or in the alternative to one of several possible locations. Among the locations is a "community center designated by the school or district for counseling prior to returning such minor to his home or school. . . ."

Chapter 3 of part 27 commencing with section 48400 deals with compulsory continuing education. Basically, the Legislature has declared that all persons between 16 and 18 must attend continuing education classes unless they are otherwise exempted. Two of those exemptions are: graduation from a high school and attendance in another public school. Persons who are in continuation schools are required to attend at least four hours of school a week.

In effect, the legislative scheme provides that unless a 16- or 17-year old is permitted by the school authorities to attend a continuation school, that youth must be enrolled in a compulsory full-time education program and must be in school during school hours or else he is subject to a section 48264 arrest.

■ The "arrest" that takes place under section 48264 is a severely limited type of arrest and may not be used as a pretext for investigating criminal matters. (*In re Jorge S.* (1977) 74 Cal.App.3d 852 [141 Cal. Rptr. 722].) The arrest is for one purpose only: to place the minors in a school setting as quickly as possible. Since the 48264 arrest is so limited as to purpose and action, and given the legislative determination that education is valid and important, then it would appear that the failure to ask the minor if he has "a valid excuse" for not being in school does not defeat probable cause to "arrest" as that term is used in section 48264. Instead it is akin to an affirmative defense which the minor must assert to the officer or other person authorized under section 48264.

Notwithstanding the above, appellant argues there was no probable cause for a temporary detention. (*In re Tony C.* (1978) 21 Cal.3d 888 [148 Cal.Rptr. 366, 582 P.2d 957].) The circumstances which justify a temporary detention are bewilderingly diverse and each case must be decided under its own set of facts. (See *People* v. *Manis* (1969) 268

Cal.App.2d 653, 658 [74 Cal.Rptr. 423].) ■ Here the officers saw appellant, who was one day shy of being 17 years of age, walking down an alley about 10 blocks from school at a time when school was in session. Appellant indicated he went to school, but he was late. No excuse was given for being late and appellant indicated he did not have a note. Under this set of circumstances, the officers had probable cause to arrest appellant for not being in school and take him to the counseling center as provided for in sections 48264 and 48265. Unlike *In re Jorge S., supra,* 74 Cal.App.3d 852, upon which appellant relies, the arrest was not a sham so that the officers could question appellant about unsolved crimes in the area. The officers did exactly what *Jorge S.* dictates: acting under the Education Code sections the officers forthwith took appellant to the proper school authorities. (See *In re Jorge S., supra,* 74 Cal.App.3d at p. 857.)

Appellant further contends that being late is a valid excuse and the officers could not arrest him pursuant to section 48264. If that were the case, the whole legislative scheme would be defeated by minors who could simply shout "I'm late," whenever they were approached by a policeman or truant officer.

At bench, it was not until after appellant was taken to the center and the officers had left that he began acting so strangely that the officers had to be recalled. Only at that time was it determined appellant was under the influence of some drug. Subsequent to this the PCP was found in his possession. There was no abuse of the arrest procedures of section 48264.

The order is affirmed.

Kingsley, Acting P. J., and Woods, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 17, 1980.