Appellant Edmonds was indicted for distribution of cocaine and for possession of cocaine with intent to distribute it (PWID), both in violation of D.C. Code § 33-541(a)(1) (1988). In the same indictment Theodore Middleton was charged with possession of cocaine, D.C. Code § 33-541(d).[1] After a jury trial, Edmonds was acquitted on the *Page 1132 
charge of distribution but was found guilty of PWID. On appeal he contends that the evidence was insufficient to support his conviction. We affirm.
The evidence, viewed as it must be in the light most favorable to the government,[2] showed that Edmonds handed Middleton a ziplock plastic bag as they both stood near the entrance to an alley. An undercover police officer, Michael Rorie, driving past in an unmarked car, saw this transfer clearly from a distance of ten to fifteen feet. Within "a matter of seconds" Rorie arrested Middleton, searched him, and found a single piece of crack cocaine in his possession. Meanwhile, Rorie's partner, Officer Stephen Ellis, turned his attention to Edmonds and saw him throw something to the ground which appeared to be a piece of brown paper.[3] It landed about five feet from where Edmonds was standing. Ellis immediately arrested Edmonds while another officer recovered the thrown object, which turned out to be a brown paper bag containing five smaller ziplock bags, each of which contained a quantity of crack cocaine.[4] An expert witness testified that when police officers arrive in an area where there are drug sellers, the sellers "try to get rid of the drugs that they have on them either by throwing them, hiding them, dropping them, or some other way of . . . distancing themselves from the drugs." The expert also said that crack cocaine for street sale is commonly packaged in small ziplock bags which sell for about $20 per bag.
Edmonds contends that this evidence was insufficient to prove beyond a reasonable doubt that he intended to distribute any drugs. We disagree. Although the jury acquitted him of the actual distribution of cocaine to Mr. Middleton,[5] the evidence of that distribution could still be considered by the jury as establishing an intent to distribute. See Ware v. UnitedStates, 579 A.2d 701, 702 n. 1 (D.C. 1990). Even if we assume that the verdicts on these two counts were inconsistent, it has long been recognized that inconsistent verdicts are permissible. "Consistency in the verdict is not necessary."Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 190,76 L.Ed. 356 (1932) (Holmes, J.); accord, e.g., United States v.Powell, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984);Steadman v. United States, 358 A.2d 329, 332 (D.C. 1976);United States v. Fox, 140 U.S.App.D.C. 129, 132 n. 21,433 F.2d 1235, 1238 n. 21 (1970) (collecting cases). Furthermore, the fact that the cocaine in the paper bag was packaged in separate ziplock bags, ready for sale to customers on the street, is strong evidence of an intent to distribute. Chambers v. UnitedStates, 564 A.2d 26, 31 (D.C. 1989); Shorter v. United States,506 A.2d 1133, 1135 (D.C. 1986). We hold that there was ample evidence of Edmonds' intent to distribute, and that the trial court did not err in allowing the case to go to the jury.
Affirmed.
[1] Middleton pleaded guilty to this charge before trial.
[2] United States v. Hubbard, 429 A.2d 1334, 1337-1338 (D.C. (citing cases), cert. denied, 454 U.S. 857, 102 S.Ct. 308,70 L.Ed.2d 153 (1981); Byrd v. United States, 388 A.2d 1225, 1229
(D.C. 1978) (citing cases).
[3] Ellis testified, "I actually saw him throw the paper from his hand. I saw it come from his hand."
[4] The seizing officer, Rodney Young, testified that he saw Edmonds "bend over and reach with his right hand into his right sock, pull out a small package, a paper bag, and heave it down the alley. . . . [H]e was making an obvious effort — he didn't think it was so obvious — to discard whatever it was he had."
[5] Middleton, testifying as a defense witness, said that he had purchased the cocaine from someone other than Edmonds, and that he just happened to be walking near the alley when the police arrested him. *Page 1133