**Derrick RANSOM, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 91–CF–1001.**

District of Columbia Court of Appeals.

Argued May 28, 1993.
Decided June 24, 1993.*

---

\* The decision in this case was originally released as a Memorandum Opinion and Judgment on June 24, 1993. It is now being published upon the court's grant of appellee's motion to publish, with minor revisions in preparation for publication.

KING, Associate Judge:

Appellant was charged with armed assault on a police officer ("AAPO"), in violation of D.C.Code § 22–505(b) (1989), assault with a dangerous weapon ("ADW"), in violation of D.C.Code § 22–503 (1989 & 1992 Supp.), and possession of a firearm during a crime of violence ("PFCV"), in violation of D.C.Code § 22–3204(b) (1989 & 1992 Supp.).[1] He was convicted of AAPO and PFCV, but acquitted of the ADW charge, the predicate offense for PFCV. In this appeal appellant contends that since the jury acquitted on the predicate offense, he cannot be convicted of the firearm possession offense. We disagree and affirm.

### I.

In the early morning of May 19, 1990, Officers Washington and Ray were driving through a residential area when they heard a noise that they believed to be a gunshot. As the officers drove in the direction from which the sound had come, they observed a man—appellant—placing a "shiny" or metallic object in the pocket of his shirt. The officers exited the cruiser, drew their service weapons, and yelled to appellant to stop. Appellant then started running away from the officers with Washington pursuing on foot. While he was running, appellant removed a pistol from his pocket and turned toward the officers with the pistol in his hand. Washington then fired at appellant, wounding him in the arm. Appellant continued running but the officers did not pursue him further. Shortly afterward, a K–9 officer followed appellant's track to a residence, where someone informed the officer that appellant had gone to the hospital. Washington and Ray later identified appellant in the emergency room of the Washington Hospital Center, and appellant was arrested. The pistol was recovered from the sidewalk where the altercation occurred.

Barbara E. Sosnick, appointed by the court, for appellant.

Sydney Hoffman, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., were on the brief, for appellee.

Before STEADMAN, FARRELL and KING, Associate Judges.

1. Appellant does not challenge his convictions for possession of an unregistered firearm, D.C.Code §§ 6–2311(a), –2376 (1988) and unlawful possession of ammunition, D.C.Code §§ 6–2361(3), –2376 (1988).

## II.

■ We reject appellant's claim that because he was acquitted of ADW—the offense that the indictment specifically incorporated as the predicate for the PFCV charge—he cannot be convicted of PFCV. We have repeatedly held that "inconsistent jury verdicts in a criminal case will not be disturbed on appeal merely because they are inconsistent." *Whitaker v. United States,* 617 A.2d 499, 502 (D.C.1992) (citations omitted); *see also Edmonds v. United States,* 609 A.2d 1131, 1132 (D.C.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2983, 125 L.Ed.2d 679 (1993) (No. 92–8688). Even where, as here, one count of an indictment (Count 3–PFCV) is specifically premised upon another (Count 2–ADW), this court is nevertheless "without authority to set aside [the compound offense conviction]" of a defendant who is not convicted of the predicate offense so long as there is evidence in the record to support a conviction of the compound offense. *Whitaker, supra,* 617 A.2d at 503 (noting that in the absence of the defendant's request for reinstruction after the jury revealed confusion in a jury note, a conviction for PFCV would have been proper even though the jury—instructed that they could only convict of PFCV if they found defendant guilty of ADW—deadlocked on the ADW charge); *see also United States v. Powell,* 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984) (consistency in jury verdicts is not required, even "where the jury acquits a defendant of a predicate felony, but convicts on the compound felony"); *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932) (affirming verdict where defendant was acquitted of unlawful possession of intoxicating liquor and unlawful sale of intoxicating liquor, but convicted of maintaining a common nuisance by keeping intoxicating liquor for sale); *United States v. Laing,* 281 U.S.App.D.C. 266, 273, 889 F.2d 281, 288 (1989) (where the indictment specifically incorporated the predicate offense, that is, possession with intent to distribute cocaine, into the compound offense of carrying a firearm during the commission of a felony, and defendant was convicted of the compound offense but

acquitted of the underlying drug trafficking offense, the conviction could not be challenged on the basis of inconsistent verdicts), *cert. denied,* 494 U.S. 1008, 1069, 110 S.Ct. 1306, 1790, 108 L.Ed.2d 482, 792 (1990). In sum, a not guilty verdict to one count of an indictment that is inconsistent with a guilty verdict to another count cannot invalidate the guilty verdict so long as the guilty verdict is based upon sufficient evidence.

■ In this case, although the verdicts were inconsistent, the evidence at trial was sufficient to support appellant's PFCV conviction. The evidence clearly established that appellant was in possession of a firearm and appellant admitted as much when he testified. The evidence is also sufficient to establish beyond a reasonable doubt that appellant committed the offense of ADW while in possession of that pistol. Officer Ray testified that appellant pointed the pistol at her, and that testimony, even though disputed by the appellant's own testimony, provided an evidentiary basis for a finding that an assault with a dangerous weapon was committed because appellant used the pistol " 'in a menacing and threatening manner' ... [such that the officers] could 'reasonably believe that the weapon might be immediately used against [them].' " *Butler v. United States,* 614 A.2d 875, 884 (D.C.) (quoting CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.12 (3d ed. 1978)), *cert. denied,* —— U.S. ——, 113 S.Ct. 625, —— L.Ed.2d —— (1992). Thus, the evidence was sufficient to support the jury verdict that appellant possessed a pistol while committing the predicate offense of assault with a dangerous weapon.

■ Appellant also contends, citing *Whitaker, supra,* that his conviction for PFCV should be reversed because the judge failed to instruct the jury that it could convict appellant of PFCV only if it also convicted him of ADW. In *Whitaker,* after the judge in the final instructions told the jury that it was required to convict of the predicate offense of ADW before convicting of PFCV, the jury sent a series of notes to the court. Each note revealed

that the jury was unable to agree on the ADW counts, but that a verdict as to the PFCV count had been reached—a result clearly contrary to the instruction of the trial judge. Based upon those notes, defense counsel requested that the jury again be instructed that it could not convict the defendant of PFCV unless it also convicted him of ADW. The trial judge denied that request and the jury eventually returned inconsistent verdicts, i.e., guilty of PFCV but hung on ADW.

In *Whitaker* we held that, although inconsistent verdicts are tolerated, a trial judge is nevertheless required to take reasonable measures to avert such inconsistency when the jury reveals its confusion to the court. We concluded that the trial court erred by failing to reinstruct the jury as requested by the defense. Here, however, there was no indication of jury confusion. Although the jury sent two notes to the trial judge, neither note gave any indication that the jury was on the verge of reaching inconsistent verdicts. Therefore, the jury notes do not provide a sufficient basis for triggering a reinstruction as in *Whitaker*.

■ Appellant also contends that the verdict form submitted to the jury was written in such a manner that it formed the basis for jury confusion. We also reject that contention. The verdict form read, as to the charge of PFCV, "How does the jury find the defendant, DERRICK RANSOM, as to the charge of Possession of a Firearm During a Crime of Violence or Dangerous Offense." We note first that, contrary to appellant's assertion, he did not object to the verdict form on the ground that it would cause jury confusion. Appellant did note an objection to the verdict form, however, the record does not reveal the basis for that objection nor is there any indication that the defense was requesting that the verdict form be changed in any way. Counsel stated, referring to the PFCV charge in the verdict form, that "the indictment and the instruction that the court said as it relates to count two. Here it's unclear. Count two is [ADW]. Here it's unclear. It only relates to count two. It

should relate to both counts involved." We do not see how this equivocal statement can be construed as a claim that the jury might be confused by the verdict form. Moreover, there were no indications from the jury itself that there was confusion over the verdicts that would be proper for them to reach. Thus, we conclude that the trial court was not put on notice of any potential for jury confusion, unlike the trial judge in *Whitaker*.

■ Appellant also contends that the jury's verdict is improper because the jury might have convicted appellant of PFCV based on a belief that AAPO was a proper predicate offense to PFCV, rather than ADW as alleged in the indictment. Appellant maintains that "it is highly likely that the jury's inconsistent verdict did not seem inconsistent to them, in that they thought a finding of guilt as to ... [AAPO] would allow them to convict on the third count [PFCV]." We disagree.

It is clear from the record that this case was tried on the premise that ADW, not AAPO, was the predicate offense for PFCV. First, the indictment, read to the jury at the beginning of the trial, charged appellant with possessing a pistol "while committing the crime of assault with a dangerous weapon as set forth in the second count of this indictment." Second, in closing argument, the prosecutor explained that, "[t]he third charge is possession of a firearm during a crime of violence. That crime of violence as charged in the indictment is assault with a dangerous weapon." Finally, in her jury instructions, the judge told the jury that the government must prove, beyond a reasonable doubt, that appellant's possession of a weapon "occurred at a time when the defendant was engaged in the commission of a crime of violence as a principal or as an aider and abetter. You are instructed that as a matter of law, the offense of assault with a deadly weapon is a crime of violence in the District of Columbia." The trial judge could, of course, have been more explicit by instructing that ADW was the *only* crime of violence on which the jury could base the PFCV charge. On this record, however, we are satisfied that the instruction as given, in the context of the case as it was presented,

was sufficient to inform the jury that ADW was the only crime of violence which could form the basis of the PFCV charge.

■ Finally, appellant contends that we should consider the markings on the verdict form, which were apparently placed there by a member or members of the jury, as evidence of the jury's confusion over the interrelation of the charges in the indictment.[2] Assuming, without deciding, that the verdict form is of legal significance, we conclude that no conclusion can be drawn from the markings placed thereon. First, we do not know who made the notations or if the notations had the support of each juror. Second, the notations on the verdict form are equivocal. Appellant contends that by circling the words "dangerous offense," the jury indicated that it did not believe that appellant's conduct in resisting the officers was a crime of violence and that it believed AAPO could be considered in connection with PFCV. This is speculation. Indeed, we would have to speculate to find *any* reason why the jury—or any juror or jurors—circled dangerous offense.

2. As to the count of AAPO, the verdict form read: "How does the jury find the defendant, DERRICK RANSOM, as to the charge of Assault, Resisting, or Interfering With a Police Officer While Armed." The jury placed a check mark beside "GUILTY." The word "Resisting" was circled. As to the PFCV count, the verdict form read: "How does the jury find the defendant, DERRICK RANSOM, as to the charge of Possession of a Firearm During a Crime of Violence or Dangerous Offense." The jury checked "GUILTY." The words "Dangerous Offense" were circled.

3. The D.C.Code defines, for these purposes, both a "dangerous crime" and a "crime of violence." ADW is included within the latter definition but not the former. *See* D.C.Code § 22–3201(f) & (g) (1989 & 1992 Supp.). The jury was never informed of that distinction and it would not be at all unlikely for a group of twelve lay people to believe that ADW was both a dangerous and a violent crime.

4. Appellant's remaining contentions are without merit. First, there was ample evidence to support appellant's conviction of AAPO because there was substantial evidence that, at a minimum, appellant resisted arrest while armed with a pistol. Appellant's sufficiency argument is grounded in his claim that he did not actually assault the officers. The crime of AAPO, however, clearly entails more than assault. *See Johnson v. United States*, 298 A.2d 516, 519 (D.C.

It is equally plausible that the jury circled the words simply because they believed that assaulting another person with a pistol is "dangerous."[3]

■ For the reasons stated, the judgments of the Superior Court are

*Affirmed.*[4]

1972) (AAPO "imposes a penalty on one who 'resists, opposes, impedes, intimidates, or interferes'" with a police officer and a finding of guilt is supported by a finding that defendant committed any one of the acts listed) (citation omitted).

In addition, appellant's contention that there was a constructive amendment of the indictment because the acts listed in § 22–505 were stated in the conjunctive but the verdict form and instructions were in the disjunctive is without merit. *See Carr v. United States*, 585 A.2d 158, 161 (D.C.1991) ("[i]t is well-settled that the elements of a charge in an information may be set forth in the conjunctive yet proven in the disjunctive, if that is the extent of the statutory requirement") (citation omitted). For the same reason, appellant's claim that there was a constructive amendment because the verdict form did not reflect the identical wording of the indictment is also meritless.

Finally, appellant contends that the trial court erred by not defining the terms of resisting, opposing, impeding, intimidating or interfering as outlined in D.C.Code § 22–505. The trial court committed no error in not defining those terms because appellant never requested that she do so. *See Allen v. United States*, 495 A.2d 1145, 1150 (D.C.1985) (en banc) (trial counsel has responsibility to request desired instructions and the trial court has no general duty to instruct the jury *sua sponte*).