[No. B124161. Second Dist., Div. Three. Apr. 26, 2000.]

In re HUMBERTO O., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
HUMBERTO O., Defendant and Respondent.

---

**COUNSEL**

Gil Garcetti, District Attorney, Brent Riggs and Brentford J. Ferreira, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster and Lisa Greer, Deputy Public Defenders, for Defendant and Respondent.

---

**OPINION**

**ALDRICH, J.—**

### INTRODUCTION

The People appeal from the judgment dismissing with prejudice the petition (Welf. & Inst. Code, § 602) filed against defendant Humberto O., after the trial court granted defendant's motion to suppress (Welf. & Inst. Code, § 700.1) a dagger found during the search of his backpack. We hold

that the search of the backpack worn by defendant at the time of his arrest under Education Code section 48264[1] for truancy was lawful because it was incident to defendant's arrest. Accordingly, we reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 1998, at 9:15 a.m., three Los Angeles Police Officers who were on juvenile patrol in Hollywood saw defendant walking down the street several miles from Hollywood High School. Suspecting defendant was a truant because of his youthful appearance, backpack, proximity to a school during school hours, the officers stopped him. Defendant told the officers that he attended Hollywood High School. Familiar with the Los Angeles Unified School District's track system, the juvenile duty officers ascertained that defendant was "on track," which meant that he was supposed to be in school at the time he was stopped. The officers told defendant that they would cite him for being a truant and transport him to school, and asked him for school identification. Defendant had only a bus pass bearing the photograph and name of someone else.

According to police procedure, the officers planned to cuff defendant's hands behind his back, put him in the patrol car, and transport him to school. First, the officers conducted a patdown search of defendant's person. A search of defendant's backpack revealed a dagger.

Defendant was charged with one count of carrying a dirk or dagger in violation of Penal Code section 12020, subdivision (a), a felony. He moved to suppress the dagger as the fruit of an unlawful search on the ground that he was not arrested or detained at the time of the search, and the search was not consensual.

At the hearing on the motion to suppress, one of the officers testified that defendant was asked for and gave his permission for the officers to search his backpack. Defendant denied giving permission, testifying that the officers simply told him to remove the pack from his back and give it to them. The court granted defendant's motion to suppress the dagger. In doing so, the court made the finding that no consent was given to search the backpack. The court dismissed the petition with prejudice and the People's appeal followed.

### DISCUSSION

It bears observing that the trial court found the search here was not consensual. That is, the court resolved a conflict in the testimony in favor of defendant. We may not reweigh that finding.

---

[1]Hereinafter, all statutory references shall be to the Education Code unless otherwise noted.

■ " 'It is settled Fourth Amendment doctrine that a police officer may, incident to a lawful arrest, conduct a contemporaneous warrantless search of the arrestee's person and of the area into which the arrestee might reach to retrieve a weapon or destroy evidence.' [Citation.]" (*People v. Ingham* (1992) 5 Cal.App.4th 326, 330 [6 Cal.Rptr.2d 756].) ■ The People contend that the search of the backpack was incident to defendant's arrest for truancy. We agree.

All children age six to 18 must attend school full-time unless exempted. (§§ 48200, 48220-48232; *In re James D.* (1987) 43 Cal.3d 903, 918 [239 Cal.Rptr. 663, 741 P.2d 161], cert. den. *sub nom. James D. v. California* (1988) 485 U.S. 959 [108 S.Ct. 1222, 99 L.Ed.2d 422].) Under section 48264, "a peace officer . . . *may arrest or assume temporary custody, during school hours,* of any minor subject to compulsory full-time education . . . found away from his or her home and who is absent from school without valid excuse within the county, city, or city and county, or school district." (Italics added; see also § 48265.)[2]

■ A "detention to investigate whether a person is a truant is justified when there are specific and articulable facts causing an officer to suspect, reasonably, that a *truancy violation* is occurring, and that the person he intends to detain is a truant. [Citations.]" (*In re James D., supra,* 43 Cal.3d at p. 916, fn. omitted, italics in original.) Such articulable, relevant, and objectively verifiable facts justifying a truancy detention include the minor's youthful appearance, carrying a book bag, while walking at least three miles from the nearest school when school is in session. (*Id.* at pp. 916-918.)

■ If the minor is in fact a truant, and fails to provide an excuse or note for his or her absence from school during school hours, the police have probable cause to make a section 48264 arrest. (*In re Miguel G.* (1980) 111 Cal.App.3d 345, 350 [168 Cal.Rptr. 688]; see also *In re James D., supra,* 43 Cal.3d at pp. 915-916 [if minor is in fact truant, he or she is placed under 48264 arrest.].) In *Miguel G.,* the minor, who was one day shy of 17 years old, was found by the police walking 10 blocks from school while school

---

[2]Section 48265 delineates what a peace officer may do with a truant in his or her custody. "Any person arresting or assuming temporary custody of a minor pursuant to Section 48264 shall forthwith deliver the minor either to the parent, guardian, or other person having control, or charge of the minor, or to the school from which the minor is absent, or to a nonsecure youth service or community center designated by the school or district for counseling prior to returning such minor to his home or school, or to a school counselor or pupil services and attendance officer located at a police station for the purpose of obtaining immediate counseling from the counselor or officer prior to returning or being returned to his home or school, or, if the minor is found to have been declared an habitual truant, he shall cause the minor to be brought before the probation officer of the county having jurisdiction over minors."

was in session. Although the minor indicated he was late, he gave no excuse and had no note. The appellate court explained, "[u]nder this set of circumstances, the officers had *probable cause to arrest* appellant for not being in school and take him to the counseling center as provided for in sections 48264 and 48265." (*In re Miguel G., supra,* at p. 350, italics added.) Later, when the minor began acting strangely, the officers determined he was under the influence of a narcotic and found PCP in his possession. The appellate court held there was no abuse of arrest procedures. (*Ibid.*)

When the police take a minor into custody under sections 48264 and 48265 to deliver the minor to school, the result is a section 48264 "arrest." (See *In re James D., supra,* 43 Cal.3d at pp. 915-916.) The Supreme Court has explained, "the sole purpose of a truancy *detention* is to investigate whether a particular person is a truant, and if he is in fact a truant, *to place him under a section 48264 'arrest'* . . . ." (*Ibid.,* first italics in original, second italics added.)

Here, defendant was found several miles from school, during school hours. Defendant was youthful-looking and was carrying a backpack. Detained for the purpose of determining whether he was a truant (*In re James D., supra,* 43 Cal.3d at pp. 915-916), defendant confirmed that he attended school. Then, not only did defendant fail to provide an excuse for being out of school, but the identification he offered the officers belonged to someone else. Based on *In re Miguel G., supra,* 111 Cal.App.3d at p. 350, these officers had probable cause to "arrest" defendant under section 48264 for being a truant. It follows that the officers were permitted to search defendant. (*People v. Ingham, supra,* 5 Cal.App.4th at p. 330.)

Defendant, however, focuses on the limited nature and purpose of a section 48264 arrest, in pursuit of his argument that he was merely detained with the result the search exceeded the permissible boundaries of the encounter. "The effect of an arrest under section 48264 is very different from the effect of a typical criminal arrest. The emphasis is not on punishment but on correction of truancy, i.e., to promote attendance in order that students may be educated." (*In re James D., supra,* 43 Cal.3d at p. 910.) "[T]he sole purpose of a truancy 'arrest' is to return the absent student to school as expeditiously as possible." (*Id.* at p. 915.) "Truants are not, except in aggravated circumstances involving 'habitual' offenders, subject to the jurisdiction of the juvenile courts. [Citations.]" (*Id.* at p. 910.) Therefore, the "arrest" under section 48264 " 'is a severely limited type of arrest and may not be used as a pretext for investigating criminal matters.' [Citations.]" (*In re James D., supra,* at p. 915, quoting from *In re Miguel G., supra,* 111 Cal.App.3d at p. 349.)

The circumscribed nature of an arrest under section 48264, however, does not preclude a search of the minor's body and of the area in the minor's control. (*People v. Ingham, supra,* 5 Cal.App.4th at pp. 330-331.) That is, although the purpose of a section 48264 arrest was to return defendant to school, the officers had the right to search the backpack. "[T]he 'lawfulness of the search turns not on whether the officer intended to release the defendant after taking him into custody, but on whether the officer was justified in arresting the defendant and taking him into custody in the first place.' [Citation.]" (*In re Charles C.* (1999) 76 Cal.App.4th 420, 425 [90 Cal.Rptr.2d 430]; see also *United States v. Robinson* (1973) 414 U.S. 218, 235 [94 S.Ct. 467, 476-477, 38 L.Ed.2d 427] [concerning reasonableness of search of person incident to arrest].)

The arrest of defendant under section 48264 justifies the police search as incident to the arrest pursuant to *People v. Ingham, supra,* 5 Cal.App.4th at pages 330-331, and *United States v. Robinson, supra,* 414 U.S. at page 235 [94 S.Ct. at pages 476-477]. ▇▇▇▇ Warrantless searches of property in control of the arrestee, at the time of an arrest, can be justified as incident to that arrest if the search is not remote in time or place from the arrest, or if an exigency exists. (*People v. Ingham, supra* at p. 331.) "Such searches may be made whether or not there is probable cause to believe the arrestee may have a weapon or is about to destroy evidence. [Citation.] 'The potential dangers lurking in all custodial arrests make warrantless searches of items within the "immediate control" area reasonable without requiring the arresting officer to calculate the probability that weapons or destructible evidence may be involved. . . .' [Citation.]" (*Id.* at pp. 330-331.)

The " ' "search incident to arrest" rule has been interpreted to include a woman's purse as a normal extension of the person subject to search as an item "customarily carried by an arrested person . . . [and] within the area of her immediate control." ' [Citation.]" (*People v. Ingham, supra,* 5 Cal.App.4th at p. 331.) Incident to a lawful arrest, searches of backpacks and bags worn by arrestees at the time of arrest have been upheld in other jurisdictions. (*People v. Boff* (Colo. 1988) 766 P.2d 646, 648-649 [search of backpack], and cases cited therein; *United States v. Litman* (4th Cir. 1984) 739 F.2d 137, 139 [contemporaneous search of shoulder bag]; *United States v. Mefford* (8th Cir. 1981) 658 F.2d 588, 591-593 [contemporaneous search of brown paper bag]; *Lee v. State* (1988) 311 Md. 642 [537 A.2d 235, 239, 247-249] [contemporaneous search of gym bag]; *Com. v. Madera* (1988) 402 Mass. 156 [521 N.E.2d 738, 739-740] [contemporaneous search of gym bag]; *Carrasco v. State* (Tex. Crim. App. 1986) 712 S.W.2d 120, 121, 123 [contemporaneous search of "gym bag" or "overnight bag"].)

Here, the search did not exceed the permissible scope and did not involve a general criminal investigation. The search occurred contemporaneously

with the section 48264 arrest right where defendant was stopped. The property searched was a backpack that defendant was wearing at the time of his arrest. Moreover, the exigent circumstances persisted even after defendant was handcuffed. The limited nature of a section 48264 arrest requires that the minor be transported to school, as the officers here planned to do. Thus, both before defendant was handcuffed, and afterwards when he was released to enter school, he would have had access to the backpack. The search of the backpack was permissible. Based on the foregoing, the dagger was improperly suppressed as being the fruit of an unlawful search.

### DISPOSITION

The judgment is reversed.

Klein, P. J., and Schneider, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied August, 9, 2000.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.