**In re W.R., Appellant.**

No. 10–FS–1022.

District of Columbia Court of Appeals.

Submitted Dec. 15, 2011.
Decided May 3, 2012.*

Jejomar Untalan was on the brief for appellant.

Christine L. Gephardt, Special Assistant Attorney General, with whom Irvin B. Nathan, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Rosalyn Calbert Groce, Deputy Solicitor General, were on the brief, for appellee.

Before WASHINGTON, Chief Judge, BLACKBURNE–RIGSBY, Associate Judge, and NEBEKER, Senior Judge.

WASHINGTON, Chief Judge:

W.R. appeals from his conviction of one count of possession with the intent to distribute marijuana (PWID), in violation of D.C.Code § 48–904.01(a) (2001). W.R. claims that the trial court erred in denying his motion to suppress evidence, and that there was insufficient evidence to support the trial court's finding of guilt. We disagree and affirm.

I.

On Friday, January 8, 2010, at 12:40 p.m., Metropolitan Police Department Officer Maurice Allen saw W.R., who appeared

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on May 3, 2012. However, we subsequently granted the government's motion to publish and issued the opinion in its current form.

to be a truant, in the 3400 block of 23rd Street, Southeast. Officer Allen asked W.R. how old he was and why he was not in school. W.R. confirmed that he was under seventeen, and thus a truant. Accordingly, Officer Allen asked W.R. to sit in the back of his police cruiser with the doors open while he called the dispatcher. Meanwhile, another officer arrived and informed Officer Allen about a previous encounter with W.R. that involved a drug offense.

Officer Allen conducted a pat-down of W.R., which is typically done before transport to check for the presence of weapons. During the pat-down, Officer Allen felt a bulge in W.R.'s left front pants pocket. He asked W.R. multiple times whether he had any drugs on him. W.R. replied that he did not. Officer Allen then ordered W.R. to take out whatever was in his pocket and put it on top of the cruiser. W.R. reached into his front pants pocket and removed a clear ziplock bag that contained ten blue ziplock bags. Within the ten blue ziplock bags was a green weed-like substance that later tested positive for THC (the active ingredient in marijuana). W.R. was placed under arrest. At the time, W.R. was also carrying $123 in his right front pants pocket.

## II.

█ W.R. first claims that the trial court erred in denying his motion to suppress. He argues that the warrantless search violated his constitutional rights.[1] We disagree.

In *In re J.O.R.*, we observed that a search conducted during a custodial arrest is permissible, not only because of the risk that evidence may be destroyed, but because of the danger to the police officers involved. 820 A.2d 546, 547–48 (D.C.2003) (citing *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)). The danger to the police officers "flows from their prolonged exposure ... and not from the ground for arrest." *Id.* Thus, we held that officers were justified in searching a juvenile even though the officers had apprehended him under a neglect custody order. *Id.* at 548. In doing so, we rejected appellant's argument that the search was impermissible because there had been no arrest for Fourth Amendment purposes, emphasizing that "it is the custody ... [that] makes a search permissible." *Id.* at 549. We also highlighted cases in other jurisdictions that upheld searches of juveniles taken into custody for truancy. *Id.* at 548–49 (citing *In re Humberto O.*, 80 Cal.App.4th 237, 95 Cal.Rptr.2d 248 (2000) (upholding search of juvenile taken into custody for truancy) and *State in Interest of R.D.*, 749 So.2d 802 (La.Ct.App.1999) (same)).

*In re J.O.R.* controls here. Although W.R. was taken into custody for truancy,[2] rather than a criminal offense, the search is valid "because custodial seizures on any ground inherently pose a danger." *Id.* at 548.

---

**1.** W.R. also suggests that the District of Columbia's truancy scheme is unconstitutional because truancy is not a criminal felony or misdemeanor. However, we have not found, and W.R. has not cited us to, any case supporting that premise. Moreover, we understand the touchstone of a Fourth Amendment seizure to be "reasonableness," not the classification of the prohibited conduct. *See* U.S. CONST. amend. IV (safeguarding the "right of the people to be secure in their persons, hous-

es, papers, and effects, against unreasonable searches and seizures").

**2.** *See* D.C.Code § 16–2309(a)(7) (2001) (granting officers authority to take a child into custody if the officer "has reasonable grounds to believe that the child, who is not in school on a day when school is in session, is of compulsory school age"). W.R. does not claim that he was taken into custody in the absence of "reasonable grounds."

W.R. also claims that there was insufficient evidence to support the trial court's finding that he intended to distribute marijuana. "When reviewing an insufficient evidence claim, we view the evidence in the light most favorable to the government, recognizing the province of the trier of fact to weigh the evidence, determine the credibility of the witnesses and to draw reasonable inferences from the testimony." *Downing v. United States*, 929 A.2d 848, 857 (D.C.2007) (internal quotation marks and citation omitted). "The government must present at least some probative evidence on each of the essential elements of the crime." *Id.* (internal quotation marks and citation omitted).

"We have repeatedly held that the packaging of narcotics so as to make them ready for sale to individual purchasers is 'strong evidence of an intent to distribute.'" *Davis v. United States*, 623 A.2d 601, 604 (D.C.1993) (quoting *Edmonds v. United States*, 609 A.2d 1131, 1132 (D.C. 1992)). Here, W.R. was carrying eleven grams of marijuana in ten separate packages and carrying $123 in cash. Thus, the trial court found there was a "reasonable inference" that W.R. intended to distribute marijuana, and we agree.

W.R. argues that the trial court's "reasonable inference" was impermissible as a matter of law because the government failed to present expert testimony on the *modus operandi* of drug traffickers. W.R. is wrong. We have never held that a fact finder is incapable of drawing the inferences necessary to find intent to distribute drugs in the absence of expert testimony. We have held only that such testimony "*may be helpful* ... even though it may be familiar to the average reader of the daily press." *Jones v. United States*, 990 A.2d 970, 978 (D.C.2010) (emphasis added) (internal quotation marks and citation omitted); *see also Hinnant v. United States,*

520 A.2d 292, 293 (D.C.1987) (holding expert testimony on the *modus operandi* of drug traffickers may be admitted to prove intent to distribute).

Accordingly, the juvenile adjudication is *Affirmed.*

## AMENDED ORDER

PER CURIAM.

On further consideration of the mandate issued on May 25, 2012, and it appearing that it was inadvertently issued, and appellee's motion to publish this court's Memorandum Opinion and Judgment in the above matter filed May 3, 2012, it is

ORDERED, *sua sponte,* that the mandate issued by this court on May 25, 2012, is hereby recalled. It is

FURTHER ORDERED that appellee's motion to publish is granted.